CARAWAY, J.,
dissenting.
hi agree that Louisiana’s sex offender registration is not criminal punishment but rather a regulatory scheme that is civil and nonpunitive. Smith v. Doe, 538 U.S. 84, 123 S.Ct. 1140, 155 L.Ed.2d 164 (2003), and Olivieri, supra. The scope of that regulation is substantively set forth in La. R.S. 15:542(A), identifying the total class of offenders subject to the regulation. In that statute, the Legislature’s imposition of the registration requirements upon a juvenile or “child predator” who commits a sex crime is narrowly limited, as follows:
A. The following persons shall be required to register and provide notification as a sex offender or child predator in accordance with the provisions of this Chapter:
[[Image here]]
(2) Any juvenile who has pled guilty or has been convicted of a sex offense or second degree kidnapping as provided for in Children’s Code Article 305 or 857, with the exception of simple rape but including any conviction for an offense under the laws of another state, or military, territorial, foreign, tribal, or federal law which is equivalent to the offense listed herein for which a juvenile would have to register.
La. R.S. 15:542(A)(2). The only sex offenses listed in the Children’s Code in the cited Articles 305 or 857 are aggravated rape and forcible rape.[1] Rounding out the class of offenders who must register, the other provisions |2of La. R.S. 15:542(A) apply to adults and to other juveniles who commit a crime after attaining the age of 14.
Thus, La. R.S. 15:542(A)(2), the key substantive provision of our law for sex offender registration (which the majority does not address), makes it clear that only the “child predator” who is convicted of rape (aggravated or forcible) shall be regulated for a 15-year period by Louisiana’s sex offender registration. The juvenile who commits the crime of indecent behavior with a juvenile is excluded from Louisiana’s regulation.
In considering La. R.S. 15:542(A)(2), it is clear that the Legislature intended to impose the regulatory scheme upon the child predator rapist (aggravated or forcible) well into the adult years of his life. The obvious corollary of that rule is that the *1216 Legislature never intended that a juvenile who commits the crime of indecent behavior with a juvenile have imposed upon him the sex registration requirements extending for 15 years into his adult years. At this point, the competing legislative policy concern of imposing the stigma of such registration upon a non-rapist juvenile for years into adulthood required that no such registration would apply.
These defendants are guilty of the crime of indecent behavior with a juvenile committed by them at ages 12 and 13. As such, they are not included in the class of persons identified by our law who commit a sex crime as a juvenile and fall under the sex offender registration regulation thereafter. La. R.S. 15:542(A). The Legislature expressly chose not to impose Louisiana’s regulatory scheme for sex registration upon them into their adulthood. The other statutes discussed at length by the majority are |^procedural. They never attempt to redefine the class of sex offender registrants. Nor do they address or expand the clear import of La. R.S. 15:542(A)(2). The judgment requiring registration is contrary to the legislative directives and should be reversed.
APPLICATION FOR REHEARING
Before BROWN, CARAWAY, DREW, MOORE and PITMAN, JJ.
Rehearing denied.
CARAWAY and MOORE, JJ., would grant rehearing.

. La. Ch. C. art. 857 deals with transfers for criminal prosecution of the juvenile charged with first and second degree murder, aggravated kidnapping and aggravated rape, aggravated battery with discharge of a firearm, armed robbery with a firearm, forcible rape of a child at least two years younger.
La. Ch. C. art. 305 addresses the divestiture of juvenile court jurisdiction for a child who commits first degree and second degree murder, aggravated rape, aggravated kidnapping, attempted first and attempted second degree murder, manslaughter, armed robbery, aggravated burglary, forcible rape, simple rape, second degree kidnapping, aggravated battery with a firearm, second or subsequent offense aggravated battery, second or subsequent offense aggravated burglary and second or subsequent offense burglary of an inhabited dwelling.